```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
PAULA McGHIE, BRIE CLARKE, and              )
JORDAN CLARKE,                              )    COMPLAINT
                                            )
                Plaintiffs,                 )
                                            )    JURY TRIAL DEMANDED
    -against-                               )
                                            )
THE CITY OF NEW YORK; JOHN DOES; and        )
RICHARD ROES,                               )
                                            )
                Defendants.                 )
-----------------------------------------------------------------X
```

## PRELIMINARY STATEMENT

1. This is a civil action in which the plaintiffs, PAULA McGHIE, BRIE CLARKE, and JORDAN CLARKE, seek relief for the defendants' violation of their rights secured by the Civil Rights Act of 1871, 42 U.S.C. Section 1983; by the United States Constitution, including its Fourth and Fourteenth Amendments and by the laws and Constitution of the State of New York. The plaintiffs seek damages, both compensatory and punitive, affirmative and equitable relief, an award of costs and attorneys' fees, and such other and further relief as this court deems equitable and just.

## JURISDICTION

2. This action is brought pursuant to the Constitution of the United States, including its Fourth and Fourteenth Amendments, and pursuant to 42 U.S.C. §1983. Jurisdiction is conferred upon this court by 42 U.S.C. §1983 and 28 U.S.C. §§1331 and 1343(a)(3) and (4), this being an action seeking redress for the violation of the plaintiffs' constitutional and civil rights.

3. The plaintiffs further invoke this court's supplemental jurisdiction, pursuant to 28 U.S.C. §1367, over any and all state law claims and as against all parties that are so related to

claims in this action within the original jurisdiction of this court that they form part of the same case or controversy.

## JURY TRIAL DEMANDED

4. Plaintiffs demand a trial by jury on each and every one of their claims as pleaded herein.

## VENUE

5. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. §1391 (a), (b) and (c).

## NOTICE OF CLAIM

6. Plaintiffs filed a timely Notice of Claim with the Comptroller of the City of New York on May 11, 2016, within 90 the incidents complained of herein. More than 30 days have elapsed since the filing of that Notice of Claim, and adjustment or payment thereof has been neglected or refused.

## PARTIES

7. Plaintiffs all times relevant herein were residents of the State of New York, Bronx County.

8. Defendant THE CITY OF NEW YORK is and was at all times relevant herein a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. Defendant THE CITY OF NEW YORK assumes the risks incidental to the maintenance of a police force and the employment of police officers as said risk attaches to the public consumers of the services provided by the New York City Police

Department.

9. Defendants JOHN DOES are and were at all times relevant herein duly appointed and acting officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department (NYPD), a municipal agency of defendant THE CITY OF NEW YORK. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants JOHN DOES are sued individually and in their official capacity.

10. Defendants RICHARD ROES are and were at all times relevant herein duly appointed and acting supervisory officers, servants, employees and agents of THE CITY OF NEW YORK and/or the New York City Police Department, responsible for the training, retention, supervision, discipline and control of subordinate members of the police department under their command. Defendants are and were at all times relevant herein acting under color of state law in the course and scope of their duties and functions as supervisory officers, agents, servants, and employees of defendant THE CITY OF NEW YORK, were acting for, and on behalf of, and with the power and authority vested in them by THE CITY OF NEW YORK and the New York City Police Department, and were otherwise performing and engaging in conduct incidental to the performance of their lawful functions in the course of their duties. Defendants RICHARD ROES are sued individually and in their official capacity.

**STATEMENT OF FACTS**

11. On April 27, 2016, approximately 4:50 a.m., Plaintiffs were asleep at their home at 1659 Hammersley Avenue, Bronx, NY 10469.

12. The home is owned by Plaintiff PAULA McGHIE.

13. Plaintiff PAULA McGHIE is the mother of Plaintiffs BRIE CLARKE and JORDAN CLARKE.

14. Plaintiffs were awoken in shock from their sleep by the sounds of a helicopter overhead and police concussion / light grenades (sometimes known as "flash-bang" grenades) that were being thrown by JOHN DOES members of the NYPD (and possibly also members of federal law enforcement agencies as well) around their home.

15. On information and belief some or all of the JOHN DOES who were part of this operation at Plaintiff's home were assigned to the NYPD 43rd Precinct.

16. On information and belief, Defendants JOHN DOES were possibly at Plaintiffs' home to execute an arrest warrant related to Plaintiff PAULA McGHIE's son, who did not live with her and who had not lived with her for a long time.

17. There was no legitimate reason for Defendants JOHN DOES to have applied for any arrest warrant for Plaintiff PAULA McGHIE's son at PAULA McGHIE's home, as there was no good reason for Defendants JOHN DOES to believe he lived there or would be present there when the warrant was executed in the pre-dawn hours of April 27, 2016.

18. Defendants JOHN DOES (in significant number) invaded Plaintiffs' home with military-style assault rifles drawn.

19. Defendants JOHN DOES needlessly terrified and humiliated Plaintiffs.

20. Defendants JOHN DOES did not identify themselves.

21. Defendants JOHN DOES needlessly made Plaintiffs crawl and / or walk on their knees on the ground.

22. Defendants JOHN DOES needlessly refused to permit Plaintiff BRIE CLARKE to put on pants, such that her panties and buttocks were exposed to view (through a sheer piece of fabric that she was able to quickly grab) by all of the many, male JOHN DOES officers who were searching her home.

23. Defendants JOHN DOES needlessly pointed their guns at Plaintiffs.

24. Defendants JOHN DOES needlessly shouted at Plaintiffs.

25. Defendants JOHN DOES needlessly destroyed Plaintiffs' property (including but not limited to a bedroom door, a windshield on Plaintiffs' car, a storm door and front entrance door, and the cement entrance step to their home).

26. Defendants JOHN DOES asked Plaintiff PAULA McGHIE where someone named "Michael" was.

27. Plaintiff PAULA McGHIE told Defendants JOHN DOES that no one named "Michael" lived with her.

28. One of the Defendants JOHN DOES was shouting at Plaintiff PAULA McGHIE to tell him where her son was.

29. Plaintiff PAULA McGHIE informed this JOHN DOE that her son (whose name is not "Michael") lived elsewhere with his father, and provided her son's father's address.

30. Plaintiff PAULA McGHIE's son at that time was on parole.

31. Defendants JOHN DOES ought to have known that Plaintiff PAULA McGHIE's

son lived with his father pursuant to the terms of his parole, and that he did not live with Plaintiffs.

33. Defendants JOHN DOES also illegally searched throughout Plaintiff's home.

33. Defendants JOHN DOES asked Plaintiff PAULA McGHIE if there were guns in the house.

34. Plaintiff PAULA McGHIE stated that there were not guns in the house.

35. On information and belief Defendants JOHN DOES had an arrest warrant related to Plaintiff PAULA McGHIE's son, but not a search warrant.

36. To the extent the Defendants JOHN DOES had also applied for a search warrant to search for guns, there was no reasonable basis to believe that any guns were present in Plaintiffs' home.

37. Two of the Defendants JOHN DOES needlessly held Plaintiffs hostage inside of their own home - during which time they were not allowed to move or to use the telephone - for approximately an hour while the other JOHN DOES who had invaded Plaintiff's home went to arrest Plaintiff PAULA McGhie's son at his father's home.

### FIRST CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

38. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

39. By their conduct and actions in seizing plaintiffs, falsely arresting and imprisoning plaintiffs, assaulting and battering plaintiffs, trespassing upon plaintiffs and their homes,

searching plaintiffs' homes, unlawfully obtaining an arrest warrant related to Plaintiffs' home for someone who did not live at their home and / or a search warrant concerning plaintiffs' home, executing any warrant(s) improperly at plaintiffs' home, converting plaintiffs' property, unreasonably prolonging plaintiffs' detention, violating rights to equal protection of plaintiffs, violating rights to substantive due process of plaintiffs, invading plaintiffs' privacy, failing to intercede on behalf of the plaintiffs and in failing to protect the plaintiffs from the unjustified and unconstitutional treatment they received at the hands of other defendants, defendants DOES and/or ROES, acting under color of law and without lawful justification, intentionally, maliciously, and with a deliberate indifference to or a reckless disregard for the natural and probable consequences of their acts, caused injury and damage in violation of plaintiffs' constitutional rights as guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

40. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SECOND CLAIM

### DEPRIVATION OF RIGHTS UNDER THE UNITED STATES CONSTITUTION AND 42 U.S.C. §1983

41. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

42. By their conduct in failing to remedy the wrongs committed by their subordinates and in failing to properly train, supervise, or discipline their subordinates, supervisory defendants

RICHARD ROES caused damage and injury in violation of plaintiffs' rights guaranteed under 42 U.S.C. §1983 and the United States Constitution, including its Fourth, and Fourteenth amendments.

43. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRD CLAIM

### LIABILITY OF DEFENDANT THE CITY OF NEW YORK
### FOR CONSTITUTIONAL VIOLATIONS

44. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

45. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants had de facto policies, practices, customs and usages which were a direct and proximate cause of the unconstitutional conduct alleged herein.

46. At all times material to this complaint, defendant THE CITY OF NEW YORK, acting through its police department, and through the individual defendants, had de facto policies, practices, customs, and usages of failing to properly train, screen, supervise, or discipline employees and police officers, and of failing to inform the individual defendants' supervisors of their need to train, screen, supervise or discipline said defendants. These policies, practices, customs, and usages were a direct and proximate cause of the unconstitutional conduct alleged herein.

47. At all times material to this complaint, the defendant THE CITY OF NEW YORK, acting through its police department and through the individual defendants, had <u>de facto</u> policies, practices, customs and/or usages of engaging in illegal and harassing raids, searches, detentions and / or arrests, particularly upon people of color, and failing to assure that proper procedures were implemented regarding the obtaining of and /or execution of arrest and / or search warrants, and of failing to properly train, supervise or discipline police supervisors and subordinate officers to prevent them from failing to assure that proper procedures were implemented. Such policies, practices, customs and/or usages are a direct and proximate cause of the unconstitutional conduct alleged herein.

48. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## **FOURTH CLAIM**

### **RESPONDEAT SUPERIOR LIABILITY OF THE CITY OF NEW YORK FOR STATE LAW VIOLATIONS**

49. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

50. The conduct of the individual defendants alleged herein, occurred while they were on duty and in uniform, and/or in and during the course and scope of their duties and functions as New York City police officers, and/or while they were acting as agents and employees of the defendant THE CITY OF NEW YORK, and, as a result, the defendant THE CITY OF NEW YORK is liable to the plaintiffs pursuant to the state common law doctrine of respondeat

superior.

51. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## FIFTH CLAIM

## ASSAULT AND BATTERY

52. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

53. By the actions described above, defendants did inflict assault and battery upon the plaintiffs. The acts and conduct of defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

54. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SIXTH CLAIM

## FALSE ARREST AND FALSE IMPRISONMENT

55. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

56. By the actions described above, defendants caused plaintiffs to be falsely arrested and imprisoned, without reasonable or probable cause, illegally and without a warrant, and without any right or authority to do so. The acts and conduct of the defendants were the direct

and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

57. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## SEVENTH CLAIM

### VIOLATION OF RIGHT TO EQUAL PROTECTION OF LAW

58. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

59. By the actions described above, defendants violated plaintiffs' rights to equal protection of law. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

60. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## EIGHTH CLAIM

### TRESPASS

61. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

62. The defendants willfully, wrongfully and unlawfully trespassed upon plaintiffs' home and upon the persons of plaintiffs.

63. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## NINTH CLAIM

### INTENTIONAL AND NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

64. The plaintiffs incorporate by reference the allegations set forth in all previous Paragraphs as if fully set forth herein.

65. By the actions described above, defendants engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which intentionally and/or negligently caused severe emotional distress to plaintiffs. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

66. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TENTH CLAIM

### NEGLIGENCE

67. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

68. The defendants, jointly and severally, negligently caused injuries, emotional distress and damage to the plaintiffs. The acts and conduct of the defendants were the direct and

proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

69. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## ELEVENTH CLAIM

### NEGLIGENT HIRING, SCREENING, RETENTION, SUPERVISION AND TRAINING

70. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

71. Defendants THE CITY OF NEW YORK negligently hired, screened, retained, supervised and trained defendants. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

72. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## TWELFTH CLAIM

### CONVERSION

73. The plaintiffs incorporate by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

74. Through their actions in causing a serious interference with, and/or in seriously interfering with, plaintiffs' right of possession in their property, and/or in exercising

unauthorized possession and/or ownership over plaintiffs' property, defendants wrongfully converted plaintiffs' property. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to the plaintiffs and violated their statutory and common law rights as guaranteed by the laws and Constitution of the State of New York.

75. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

## THIRTEENTH CLAIM

## CONSTITUTIONAL TORT

76. The plaintiff incorporates by reference the allegations set forth in all preceding paragraphs as if fully set forth herein.

77. Defendants, acting under color of law, violated plaintiffs' rights pursuant to §§ 6, 11, and 12 of the New York State Constitution.

78. A damages remedy here is necessary to effectuate the purposes of §§ 6, 11 and 12 of the New York State Constitution, and appropriate to ensure full realization of plaintiffs' rights under those sections.

79. As a result of the foregoing, plaintiffs were deprived of their liberty and property, experienced pain and suffering, psychological and emotional injury, great humiliation, costs and expenses, and were otherwise damaged and injured.

WHEREFORE, the plaintiffs demand the following relief jointly and severally against all of the defendants:

    a. Compensatory damages;

    b. Punitive damages;

    c. The convening and empaneling of a jury to consider the merits of the claims herein;

    d. Costs and interest and attorney's fees;

    e. Such other and further relief as this court may deem appropriate and equitable.

Dated:    New York, New York
              July 24, 2017

                                              _____/S/_____
                                              JEFFREY A. ROTHMAN, Esq.
                                              Law Office of Jeffrey A. Rothman
                                              315 Broadway, Suite 200
                                              New York, New York 10007
                                              (212) 227-2980

                                              Attorney for Plaintiffs